UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRITTNEY GOBBLE PHOTOGRAPHY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-306-HSM-CCS |
| ) | |
| WENN LIMITED, and USA ENTERTAINMENT ) | |
| NEWS, INC., d/b/a/ "WENN" and "WORLD ) | |
| ENTERTAINMENT NEWS NETWORK," ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Counsel [Doc. 60], filed by defense counsel, Attorney Paige Mills. The parties appeared before the Court on November 28, 2017, for a hearing on the Motion. Attorneys C. Dale Quisenberry and Heather Anderson appeared on behalf of Plaintiff. Attorney Paige Mills appeared on behalf of Defendants. Lloyd Beiny, Defendants' representative, appeared telephonically. Accordingly, for the reasons explained further below, the Court finds the Motion [**Doc. 60**] well-taken, and it is **GRANTED**.

**I.     POSITIONS OF THE PARTIES**

In her Motion, Attorney Mills [Doc. 60] requests that she be permitted to withdraw as counsel of record for the Defendants. The Motion explains that she and her firm have fundamental differences with Defendants about the appropriate and prudent conduct of this litigation that makes their continued representation of Defendants untenable. Further, the Motion states that Defendants

have failed to fulfill an obligation to counsel regarding counsel's services and has been given reasonable warning that counsel will seek to withdraw unless such obligation is fulfilled. Defendants' representative, Lloyd Beiny, consented to the Motion via email, which is attached as an exhibit to the Motion.

Plaintiff objects [Doc. 66] to the Motion, stating that a corporation cannot represent itself in federal court. Plaintiff states that granting the Motion without substitute counsel would substantially delay the action and prejudice it. Plaintiff continues that they are already being prejudiced by defense counsel's "pencils down" approach.

## II. ANALYSIS

By way of background, the Court originally scheduled a telephone conference for November 15, 2017, over a discovery dispute. A few days before the telephone conference, defense counsel filed the instant Motion. During the November 15 telephone conference, the Court advised the parties of its concerns regarding unrepresented corporations. The Court continued the hearing to November 17, 2017, to discuss Beiny's availability to attend a hearing on the Motion to Withdraw. Subsequently, on November 17, 2017, the Court held another telephonic conference, wherein the Court set a hearing on the Motion to Withdraw for November 28, 2017, so that Beiny could attend the hearing. Later, Beiny reported to the Court that he could not attend the hearing, citing financial reasons, and that he would appear via telephone.

During the November 28 hearing, the Court addressed the Motion to Withdraw and several discovery disputes between the parties.

### A. Motion to Withdraw

As mentioned above, the Court conducted a hearing on November 28, 2017, wherein the undersigned reiterated its concerns regarding unrepresented corporations. The Court explained to

Beiny that a corporation may only appear in federal court through a licensed counsel and emphasized that Defendants must retain counsel if they wanted to continue to defend this case and prosecute their counterclaims. *See In re Classicstar Mare Lease Litigation*, No. 5:07-cv-353, 2009 WL 1468594, at *1 (E.D. Ky. May, 13, 2009) (noting that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney). The Court also warned Beiny of the potential consequences if the Defendants did not obtain new counsel (e.g., default judgment being entered against them and/or their counterclaims being dismissed). Beiny stated that he understood the consequences and that he consented to Attorney Mills withdrawing from the case.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

Further, with respect to corporations "that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." *See* E.D. Tenn. L.R. 83.4(g)

In the present matter, the Court finds that Attorney Mills's Motion to Withdraw complies with the Local Rules, and the Motion [**Doc. 60**] is hereby **GRANTED**. Defendants have failed to fulfill their obligations regarding counsel's services and has been given reasonable warning with respect to counsel withdrawing from this case. The Court expects Attorney Mills to provide copies of any relevant documents to any future counsel for Defendants or directly to Defendants upon request. Attorney Mills is **RELIEVED** of her duties as counsel in this case. The Defendants are hereby **ADMONISHED** that they are **DEEMED** to be proceeding pro se. The Court highly recommends that Defendants find substitute counsel in this case. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney.").

**B.     Discovery Requests**

As mentioned above, during the hearing, the Court also addressed Plaintiff's discovery-related requests. Specifically, Beiny agreed to provide Plaintiff with the following documents: (1) Defendants' bank statements for the past year, (2) Defendants' tax returns from the previous year; and (3) Defendants' agreements with its other customers who were previously identified by Defendants (and similar to the documents that Sinclair provided to Plaintiffs). In addition, Beiny agreed to be deposed on December 1, 2017, in Los Angeles.

**III. CONCLUSION**

Accordingly, the Court finds the Motion to Withdraw [**Doc. 60**] well-taken, and it is **GRANTED**. The Court further **ORDERS** as follows:

(1) Beiny shall provide Plaintiff with Defendants' banks statements for the past year;

(2) Beiny shall provide Plaintiff with Defendants' tax returns from the previous year;

(3) Beiny shall provide Plaintiff with its customer agreements, (similar to the documents produced by Sinclair to Plaintiff); and

(4) Beiny shall provide his deposition testimony on **December 1, 2017**, in Los Angeles.

Finally, the Clerk of Court is **DIRECTED** to update CM/ECF with the addresses of Defendants as provided in the Motion [Doc. 60].

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge