UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| BRITTNEY GOBBLE PHOTOGRAPHY, LLC, ) | |
| ) | |
| *Plaintiff/Counter-Defendant* ) | |
| ) | Case No. 3:16-cv-306 |
| v. ) | |
| ) | Judge Mattice |
| USA ENTERTAINMENT NEWS, INC. & ) | Magistrate Judge Poplin |
| WENN LIMITED, ) | |
| ) | |
| *Defendants/Counter-Plaintiffs/* ) | |
| *Third Party-Plaintiffs,* ) | |
| ) | |
| v. ) | |
| ) | |
| BRITTNEY GOBBLE & ) | |
| JOSEPH GOBBLE, ) | |
| ) | |
| *Third Party-Defendants.* ) | |
| ) | |

# **ORDER**

Before the Court is the Plaintiff's Motion for Default Judgment as to Defendants (Doc. 93), the Report & Recommendation of United States Magistrate Judge Debra C. Poplin with respect to the Motion for Default Judgment (Doc. 103), and the Motion to Dismiss for Lack of Prosecution (Doc. 88) of Counter-Defendant Brittney Gobble Photography, LLC, and Third-Party Defendants Johnny and Brittney Gobble. Defendants/ Counter-Plaintiffs/ Third Party-Plaintiffs USA Entertainment News, Inc., and WENN Limited (hereinafter, "Defendants") have no counsel of record in this matter, have not responded to the motions pending before the Court, and have not objected to the Report and Recommendation. The Court will accept the Report & Recommendation of Magistrate Judge Poplin (Doc. 103) and grant in part and deny in part the Motion for

Default Judgment as to Defendants (Doc. 93). The Motion to Dismiss for Lack of Prosecution (Doc. 88) will also be granted.

On July 16, 2018, the Court referred Plaintiff's Motion for Default Judgment (Doc. 93) to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (Doc. 95). On February 19, 2019, the Magistrate Judge filed her Report and Recommendation (Doc. 103), recommending Plaintiff's Motion for Default Judgment be granted in part and denied in part and judgment entered against Defendants for violation of the Copyright Act, violation of the Digital Millennium Copyright Act, and for engaging in unfair competition under Tennessee law. (Doc. 103 at 21). Magistrate Judge Poplin specifically advised that Defendants had 14 days in which to object to the Report and Recommendation and that failure to do so would waive Defendants' right to appeal. (Doc. 103 at 20-21, n.11); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Defendants did not file an objection and the time to do so has now passed. Nevertheless, the Court has reviewed the Report and Recommendation, as well as the record, and agrees with Magistrate Judge Poplin's well-reasoned conclusions. The Report and Recommendation will be accepted and adopted.

Also before the Court is the Motion to Dismiss for Lack of Prosecution filed by Counter-Defendant Brittney Gobble Photography, LLC, and Third-Party Defendants Johnny and Brittney Gobble. (Doc. 88). The Motion seeks dismissal of the third-party complaint against Johnny and Brittney Gobble and counterclaim against Brittney Gobble

Photography, LLC, asserted by Defendants. (*See* Doc. 57 at 60-72). In support of the Motion, the parties show that counsel for Defendants was authorized to withdraw pursuant to the Court's November 30, 2017 Order. (Doc. 74). At the hearing of the Motion to Withdraw, the Court advised Defendants' representative that corporations can only appear in federal court through licensed counsel, and "emphasized that Defendants must retain counsel if they wanted to continue to defend this case and prosecute their counterclaims." (Doc. 74 at 3). This admonition was repeated in the Order granting the Motion to Withdraw. (*Id.*). The Court specifically warned Defendants that their counterclaims may be dismissed and default judgment entered against them if they failed to obtain new counsel. (*Id.* at 4).

Defendants never obtained new counsel. They did not respond to the Motion to Dismiss for Failure to Prosecute or the Motion for Default Judgment. Pursuant to Local Rule 7.2 of this Court, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." When Magistrate Judge Poplin ordered Defendants to appear and show cause why default should not be entered against them, they did not appear or respond. (Docs. 97 & 98). Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c). Defendants have both failed to prosecute their counterclaim and third-party complaint and failed to comply with Magistrate Judge Poplin's Show Cause Order. Their claims will be dismissed.

Accordingly, it is **ORDERED**:

1. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Poplin's findings of fact and conclusions of law as set forth in the Report and Recommendation (Doc. 103);

2. Plaintiff's Motion for Default Judgment as to all Defendants (Doc. 93) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendants are **ADJUDGED** responsible for violating the Copyright Act by direct and contributory infringement, for violating the Digital Millennium Copyright Act, and for engaging in unfair competition under Tennessee law;

    b. Plaintiff is awarded judgment in the amount of $5,754,941.88;

    c. Defendants and their respective officers, principals, directors, owners, shareholders, employees, representatives, agents, servants, successors, and assigns are **PERMANENTLY ENJOINED** from committing future acts of copyright infringement, contributory copyright infringement, falsification of copyright management information and unfair competition, and are further **ORDERED** to remove all electronic copies of the images at issue in this action that were obtained from the Dropbox folder as identified in the First Amended Complaint (Doc. 51) from all of their respective archives, databases, computers, and any other storage devices, including backup storage devices and media, and to destroy all paper copies of or including the images;

3. The Motion to Dismiss for Lack of Prosecution (Doc. 88) filed by Brittney Gobble Photography, LLC, Brittney Gobble, and Johnny Gobble is **GRANTED** and the

Counterclaim/ Third Party Complaint of Defendants (Doc. 57 at 60-72) is **DISMISSED**.

**SO ORDERED** this 12th day of March, 2019.

                                                *s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE